■ In the Matter of ABRAHAM KELMENSON et al., Respondents, v HOWARD R. VEIT, as Director of the Office of Health Systems Management, Department of Health of the State of New York, Appellant. — The appeal is from an order of the Supreme Court, Nassau County (Burstein, J.), entered January 21, 1982, which granted petitioners' motion to quash three subpoenas duces tecum issued by the appellant Howard R. Veit, Director of the Office of Health Systems Management, New York State Department of Health, with leave to appellant to serve amended subpoenas duces tecum only after reviewing a previous and "largely completed" audit, which amended subpoenas were to specify the particular items sought, and provide for inspection and copying at the offices of petitioners, at appellant's cost. Order modified by striking the second and third sentences from the last paragraph thereof. As so modified, order affirmed, without costs or disbursements. The petitioners, Abraham Kelmenson and Vernon C. Rossner, are partners, along with other individuals, in three nursing home facilities which are certified by the State of New York. In 1977, the Department of Health's Bureau of Audit and Investigation began an audit of those three nursing homes pursuant to section 2803 of the Public Health Law (subd 1, par [b], cl [ii]). The audit proceeded in the usual fashion which involved one or more auditors visiting each facility and reviewing the relevant financial records. As the auditor required particular records they were retrieved and provided by the facility's staff. Prior to completion, the audit was discontinued because of an investigation conducted by the Office of the Deputy Attorney-General for Medicaid Fraud Control. In the spring of 1981, the Department of Health sought to complete the audit it had begun in 1977. The petitioners refused to allow any audit because two civil actions, instituted as a result of the Deputy Attorney-General's investigation, were then pending in the Supreme Court, Nassau County. Thereafter, the appellant issued three subpoenas duces tecum directing that petitioners and others produce material including, but not limited to, 12 categories of books and records of the three nursing homes at the Department of Health's office in Hauppauge. In response, petitioners sought an order quashing the subpoenas duces tecum, alleging, *inter alia,* that those subpoenas were oppressive, harassing and overly burdensome. By order entered January 21, 1982, petitioners' motion was granted and the appellant was given leave to serve amended subpoenas duces tecum to provide for inspection and copying at the office of the petitioners, at the appellant's cost, but only after he reviewed his prior "largely completed" audit and specified particular items sought. By virtue of section 2803-b of the Public Health Law, and 10 NYCRR 730.6 and 86-2.7 (b), the

petitioners were obligated not only to keep the books and records described in the subpoenas duces tecum, but also to keep them available for inspection and audit by the Department of Health. Moreover, the Department of Health is specifically directed to conduct on site audits for each fiscal year by section 2803 (subd 1, par [b], cl [ii]) of the Public Health Law and 10 NYCRR 86-2.7 (b). We therefore hold that the quashing of the subpoenas duces tecum was proper only to the extent it required the appellant to conduct an inspection of the materials sought at the nursing homes and to bear the cost of copying any materials, and we modify the order appealed from accordingly. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.